Martin, J.
Darst took judgment in the common pleas of Williams county against Phillips and others as makers of a promissory note with warrant of attorney attached. There was no service of process or notice. Execution was issued to the sheriff of Lucas county, who levied it on the goods of the judgment defendants. Thereupon they brought the original action in the common pleas of Lucas county, setting out several defenses to the note, one of which was that it had been paid before the judgment was taken, and averring that Darst fraudulently obtained the judgment, and praying for injunction and other relief. '
The defendant demurred to the jurisdiction. The district court, on appeal, overruled the demurrer and granted a perpetual injunction. The object of the present proceeding is to obtain a reversal of this judgment.
In the-first place it is claimed that section 5354, et seq., Revised Statutes, afforded an adequate remedy at law, and that it was exclusive. By those sections it is provided that a court of common pleas, a district or superior court, may vacate or modify its own judgments after the term, for (amongst other causes) fraud practiced by the successful party in obtaining them, and for taking judgments on warrants of attorney for more than was due when the defendant was not served or notified. The proceeding is required to be by petition brought within a limited time after the rendition of the judgment, and provision is made for an injunction to suspend process on the judgment.
In our opinion this statutory remedy is merely cumulative. It is not disputed that courts of equity, prior to *517 the statute, had jurisdiction to impeach judgments for fraud, and enjoin proceedings thereon. It is a fundamental principle that when such courts have once been legitimately vested with jurisdiction they retain it, notwithstanding courts of law subsequently acquire jurisdiction by statute or otherwise, unless the legislature abolish or restrict it. 1 Story Eq., 64. This principle is distinctly recognized as applicable in respect to the remedies provided by our practice act in Long v. Mulford, 17 Ohio St., 484, where it is held that “ what would have been a good cause of action to sustain an original bill is a good cause of action under the Code.”
In Coates v. Chillicothe Bank, 28 Ohio St., 415, it is held that the provisions of the statute for the vacation of judgments for fraud do not abridge or qualify the right to maintain an original action impeaching a judgment for fraud. Judge Day, in announcing the opinion, intimates that such an action is maintainable in all cases where an original bill might, before the statute, have been sustained, and states that Long v. Mulford, supra, is regarded as so holding by his brethren. The bench and bar of the state have so understood that ease, and, as we think, correctly. We are satisfied with the rule, and consider it definitely settled.
In the case at bar, therefore, the judgment defendant had an election to proceed under the statute to vacate and enjoin, or by orginal action for injunction.
In the next place it is objected that the common pleas of Lucas county had no jurisdiction of the action. Under the act for its organization a court of common pleas in this state has general original jurisdiction at law and in equity. An action to enjoin process from a judgment on the ground of fraud is within this jurisdiction, and is within the jurisdiction of the particular court where the fraud is properly laid. Either of several courts, according to special circumstances, may have jurisdiction in a particular case. Darst was duly served with process and appeared for the purposes of his demurrer. Is the fraud properly laid? The fraud *518 charged was one upon the court-as well as upon the judgment defendants. It amounts to this, that the steps evidencing the jurisdiction and cause of action were falsely and fraudulently simulated without the knowledge of the defendants or opportunity for knowledge, and that Darst was at the time subjecting their property to seizure by the sheriff of Lucas county. The vital fact is that there was no cause of action. The payment of the debt revoked the power and left the cognovit without any support, and there was no jurisdiction actually acquired.
This fact courts of equity may for some purposes consider, and is undoubted cause for impeachment and injunction. And we do not forget that a judgment, until reversed, must be deemed valid, because it is the sentence of the law on the record of the facts (3 Blackstone Com., 395), and, therefore, it is immaterial whether the facts be true or false.
The remedy sought in the case at bar operates, in contemplation of law, on the person, and-we think it is clearly available to the judgment defendants. Miller v. Longacre, 26 Ohio St., 291, referred to in the briefs, was an action brought in the common pleas of Union county to enjoin the enforcement of an execution issued from a judgment rendered in the common pleas of Marion county: The action was sustained. It appears that the primary action was upon promissory notes, and there had been a second trial under the statute then in force. Both judgments were given for the plaintiff therein, the first being larger than the second. The execution issued from the first, the credi-. tor claiming, for certain reasons, that it was valid as against some of the defendants. The court held that, as no objection to the jurisdiction was made until after answer, the relief could be granted. In that case the trial court giving the judgments had undoubted jurisdiction, and there was a good cause of action, and no fraud was practiced. The points of the ruling were waiver and the' general jurisdiction of the common pleas. The case illustrates the favor with which the general jurisdiction' is regarded even in cases *519 where another common pleas court could more appropriately administer the remedy.
It will be observed that the ease at bar is distinguishable from one of fraud practiced on the trial; from a case to enjoin a pending action ; to impeach a judgment for error; to restrain an execution erroneously issued, as in Miller v. Longacre, supra, and from a variety of other eases supposed to be analogous, and in respect to which many authorities have been cited. And in many cases the nature of the relief required, as also the necessity for new parties, is such that a simple impeachment of the judgment is inadequate," and an original action is indispensable.

Judgment affirmed.